The Honorable Larry R. Teague State Representative P.O. Box 903 Nashville, Arkansas 71852-0903
Dear Representative Teague:
This official Attorney General opinion is rendered in response to your recent question regarding the proceeds of a ¼ cent sales tax that is currently being used to retire bonded indebtedness on a county jail.
You indicate that the indebtedness will be retired early in 1998, and have presented the following questions:
 (1) When the jail bonds are retired, can the county, with a vote of the people, place the proceeds from the ¼ cent sales tax in the county general fund?
 (2) If so, would the county be required to share the proceeds from the ¼ cent sales tax with the incorporated cities in the county?
RESPONSE
Question 1 — When the jail bonds are retired, can the county, with a voteof the people, place the proceeds from the ¼ cent sales tax in the countygeneral fund?
It is my opinion that absent a re-levy of the ¼ cent sales tax in question, the county cannot place the proceeds from the tax in the county general fund. If the vote to which you refer would constitute an election to re-levy the ¼ cent sales tax (and if the voters approve the re-levy), the tax proceeds can then be placed in the county general fund.
The diversion of tax proceeds from a tax levied for a specific purpose is governed by Article 16, § 11 of the Arkansas Constitution. That provisions states:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
ARK. CONST., art. 16, § 11; Bell v. Crawford,287 Ark. 251, 697 S.W.2d 910
(1985). The Arkansas Supreme Court has held, however, that a tax levied for one purpose can be re-levied for another purpose. See Hookerv. Parkin, 235 Ark. 218, 357 S.W.2d 534 (1962).
Because the ¼ cent sales tax about which you have inquired was levied for the specific purpose of retiring indebtedness on the county jail, the proceeds from that tax cannot, under Article 16, § 11, quoted above, be diverted to any other purpose. However, it can be re-levied for another purpose allowing it to be placed in the county general fund.
Question 2 — If so, would the county be required to share the proceedsfrom the ¼ cent sales tax with the incorporated cities in the county?
Generally, the proceeds of county-wide sales taxes are required to be distributed on a per capita basis among the county and the municipalities in the county. See, e.g., A.C.A. §§ 26-74-214; 26-74-313.
Despite that general requirement, however, the answer to this question may depend upon certain factual considerations of which I am unaware. If, for example, the tax in question is the subject of an interlocal agreement that addresses the distribution and use of the proceeds thereof (see A.C.A. § 14-14-910), the provisions of the interlocal agreement would govern.
The issue is not as clear in the absence of such an agreement if a specific purpose has been designated for the proceeds. This question is currently on appeal to the Arkansas Supreme Court in the case of Danielv. Jones, et al., No. E95-685-First (White Co. Chancery Ct.), and therefore remains unresolved at present. The Chancery Court in that case held that the ballot title's designation of uses cannot control the use of the cities' share of any sales tax revenue. Id. Findings of Fact, Conclusions of Law, and Order at 9.
These are the types of factors that must be evaluated in order to determine the appropriate disposition of the proceeds of the tax.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh